Per Curiam.
 

 Respondent was admitted to practice by this Court in 1990. He was previously admitted in New Jersey in 1983, where he maintained an office for the practice of law.
 

 Respondent was disbarred by this Court in 2007 (43 AD3d 1270 [2007]). By application filed in November 2016, respondent moved for reinstatement. By report dated June 26, 2017, a subcommittee of the Committee on Character and Fitness, to whom respondent’s application for reinstatement had been referred (see Rules of App Div. 3d Dept [22 NYCRR] § 806.16 [a] [5]), recommended that respondent’s reinstatement application be denied.
 

 Upon our review of, among other things, respondent’s application, subcommittee testimony and supplemental affidavit, we find that respondent has failed to sufficiently demonstrate by clear and convincing evidence that his reinstatement “would be in the public interest” (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In our view, in order to establish that his or her reinstatement is in the public interest, a suspended or disbarred attorney must provide assurances that no detriment would inure to the public by reason of the attorney’s return to practice, and that his or her reinstatement would be of some tangible benefit to the public. Here, respondent’s application failed to demonstrate a comprehensive understanding of an attorney’s obligations to clients and what plans would be put in place to ensure no further transgressions of the Rules of Professional Conduct; nor did he, among other things, satisfactorily set forth information as to his future plans if reinstated (see e.g. Matter of Edelstein, 150 AD3d 1531, 1531-1532 [2017]). Accordingly, respondent’s motion is denied.
 

 Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ., concur.
 

 Ordered that respondent’s application for reinstatement is denied.