■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; THOMAS CLARK SQUIRES, Respondent. [60 NYS3d 604]—

Per Curiam. Respondent was admitted to practice by this Court in 1997 and lists a business address in Steuben County with the Office of Court Administration. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (65 AD3d 1447, 1477 [2009]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves for his reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of

App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner advises, by correspondence from its Chief Attorney, that it does not oppose the motion.

An attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (*see Matter of Attorneys in Violation of Judiciary Law § 468-a [Craven]*, 151 AD3d 1373 [2017]; *Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey]*, 151 AD3d 1377 [2017]; *Matter of Edelstein*, 150 AD3d 1531 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). A reinstatement applicant must also provide, as a threshold matter, certain required documentation in support of his or her application (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, Appendices C, D).

Concerning the documentation submitted in support of respondent's application, since he has been suspended for approximately eight years, respondent appropriately completed the form affidavit contained in Appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (*see* Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [2]), and such affidavit is properly sworn to (*compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway]*, 152 AD3d 951 [2017]). In addition, respondent has provided proof of his successful passage of the Multistate Professional Responsibility Examination within one year of moving for reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; *see generally Matter of Cooper*, 128 AD3d 1267 [2015]). Respondent also claims to have completed nearly 200 continuing legal education credits (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶ 35) and has provided the Court with copies of relevant state and federal income tax returns (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶ 27). Finally, respondent provides a completed affidavit attesting to his compliance with the rules applicable to suspended attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15; part 1240, Appendix C, ¶ 21) and attests to having not engaged in the practice of law during the time of his suspension, as was required by this Court's 2009 order (65 AD3d at 1448).

As to respondent's character and fitness, he reveals that he

is also admitted to practice in Ohio and provides a certificate reflecting his good standing in that jurisdiction as of May 2017 (*cf.* Rules of Ct of Appeals [22 NYCRR] § 520.10 [a]). Although respondent was, until recently, also suspended in Ohio, we note that the misconduct giving rise to that suspension—i.e., the failure to complete required continuing legal education—although serious, did not cause harm to a client. Furthermore, given respondent's responses to inquiries on his form affidavit (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶¶ 22, 30-32), as well as his otherwise clean disciplinary record in both New York and Ohio, we conclude that respondent has established, by clear and convincing evidence, his character and fitness to practice law in New York (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).

We also find that respondent's reinstatement will be in the public interest (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; *compare Matter of Sullivan,* 153 AD3d 1484 [2017]). Given that respondent's misconduct here and in Ohio has not negatively impacted a client, and cognizant of his contrition and otherwise clean disciplinary history, we have little reason to conclude that the public will be negatively impacted by respondent's reinstatement. Furthermore, we note that respondent has a specialized expertise related to a complex area of employment law. While this expertise is of obvious benefit to respondent's current employer and that business's employees, we also take the opportunity to remind respondent of his pro bono obligations as a member of the bar (*see* Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [e] [14]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 6.1), and encourage respondent to utilize his unique skills and knowledge in furtherance of that obligation and in service to the public interest.

Peters, P.J., Garry, Lynch, Mulvey and Pritzker, JJ., concur. Ordered that the motion for reinstatement by respondent is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.