■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; VIVIAN OBIAGELI ADIMK-PAYAH, Also Known as VIVIAN OBIAMALU, Respondent. [65 NYS3d 818]—

Per Curiam. Respondent was admitted to practice by this Court in 1992 and currently has an office for the practice of law in Chino, California, where she was also admitted to

practice in 1992. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1022 [2014]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves for her reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner opposes the motion, respondent has submitted a reply and the parties have been heard in argument before the Court upon the application.

Upon reading respondent's affidavit sworn to September 25, 2017, the affidavit in response by petitioner's counsel sworn to October 2, 2017 and the affirmation of respondent's counsel dated October 4, 2017, and upon hearing the parties in argument, we are satisfied that respondent has complied with the order of suspension and the Rules of this Court, that she has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate her to practice in New York (*see Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian]*, 153 AD3d 1513 [2017]; *Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires]*, 153 AD3d 1511 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, respondent's motion for reinstatement is granted, and she is reinstated to the practice of law in New York, effective immediately.

Egan Jr., J.P., Lynch, Rose, Mulvey and Rumsey, JJ., concur. Ordered that respondent's motion for reinstatement is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.