Matter of Attorneys In Violation of Judiciary Law § 468-a. (Castle) (2018 NY Slip Op 03593)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Castle)


2018 NY Slip Op 03593


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MICHAEL MURANO CASTLE, Respondent. (Attorney Registration No. 1858166)

Calendar Date: January 22, 2018

Before: Lynch, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Michael Murano Castle, Tampa, Florida, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1983. He currently lists a Florida business address with the Office of Court Administration.
By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1022 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). In September 2017, respondent cured his registration delinquency and he now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner advises, by correspondence from its Chief Attorney, that it defers to the Court's discretion in disposition of the motion.
Significantly, a suspended attorney seeking reinstatement in New York following a suspension of greater than six months must apply by form affidavit prescribed in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, and also must submit certain other documentation in support of that application (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1512 [2017]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1514 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; appendix C). Here, a review of respondent's sworn affidavit and supplemental affidavit indicates that respondent has sufficiently completed the requisite form affidavit for the relief he seeks (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [2]). However, respondent's application concededly does not include proof that he has taken and passed the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Accordingly, we deny respondent's motion (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Esser], 159 AD3d 1220, 1221 [2018]).
Lynch, J.P., Devine, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.