Matter of Attorneys In Violation of Judiciary Law § 468-a. (Ettelson) (2018 NY Slip Op 03795)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Ettelson)


2018 NY Slip Op 03795


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; JULIE ANN ETTELSON, Now Known as JULIE A. LACZKOWSKI, Respondent. (Attorney Registration No. 2574838)

Calendar Date: April 30, 2018

Before: Garry, P.J., McCarthy, Clark, Mulvey and Pritzker JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Julie A. Laczkowski, Clarence, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1993 and lists a business address in the Town of Clarence, Erie County with the Office of Court Administration. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of
justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (65 AD3d 1447, 1456 [2009]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves, by application marked returnable April 30, 2018, for her reinstatement in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner, by correspondence of its Chief Attorney dated April 26, 2018, provides the findings from its review of respondent's application, and otherwise defers to this Court's discretion regarding respondent's [*2]reinstatement.
A reinstatement applicant must apply by form affidavit as prescribed in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 and provide certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Here, respondent submits a properly completed and duly sworn affidavit (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]), and also provides proof that, within one year of filing her application for reinstatement, she successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys who have been suspended for more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, Office of Court Administration records demonstrate that respondent is current in her registration requirements and has cured the delinquency that resulted in her suspension.
Respondent's application also establishes, by clear and convincing evidence, that she possesses the requisite character and fitness to return to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1513 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent attests to having no criminal record or other disciplinary history during the time of her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶14, 30). Respondent further attests that she is not the subject of any governmental investigation and raises no financial concerns to her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶23-25, 31). Finally, in an effort to prepare herself for her potential return to the practice of law, respondent attached to her application certificates of attendance for 13 credits of continuing legal education in the workers' compensation and Social Security disability disciplines (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶35).
Finally, we conclude that respondent's reinstatement will be in the public interest (see Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 [a]; compare Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Her application presents no concerns regarding a possible detriment to the public that would result from her reinstatement. Respondent intends to return to the practice of law at a private firm, and her development of expertise in workers' compensation matters is expected to benefit the public by expanding the availability of representation in a specialized area of law. Based on the foregoing, we grant respondent's application for reinstatement.
Garry, P.J., McCarthy, Clark, Mulvey and Pritzker JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.