Matter of Attorneys In Violation of Judiciary Law § 468-a (Serbinowski) (2018 NY Slip Op 05726)





Matter of Attorneys In Violation of Judiciary Law § 468-a (Serbinowski)


2018 NY Slip Op 05726


Decided on August 9, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 9, 2018


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; PAUL ALAN SERBINOWSKI, Respondent. (Attorney Registration No. 4174413)

Calendar Date: July 2, 2018

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Emery, Celli, Brinckerhoff & Abady LLP, New York City (Hal R. Lieberman of counsel), for respondent.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2003
and lists a business address in Austin, Texas with the Office of
Court Administration. By January 2014 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from
his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1051 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves for his reinstatement in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In its June 2018 correspondence in response, petitioner advises that it defers to the Court's discretion on respondent's application.
A reinstatement applicant must apply by form affidavit as prescribed in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 and provide certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Here, in light of the length of his suspension, respondent properly submits the form affidavit contained in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Higashi], 159 AD3d 1260, 1261 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1514 [2017]), and such affidavit is duly sworn to (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in his suspension and that he is current with his biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Further, respondent provides proof that he successfully completed the Multistate Professional Responsibility Examination in November 2017, as is required for attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]).
Respondent's application also establishes, by clear and convincing evidence, that he possesses the requisite character and fitness to return to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1513 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent attests to having no other disciplinary history during the time of his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 14), and that he is not the subject of any governmental investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 31). Respondent also attaches certificates of good standing for the foreign jurisdictions where he is admitted and provides proof that he satisfied the Continuing Legal Education requirements of those jurisdictions during the years of his suspension in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 13, 35; see also Rules of App Div, All Depts [22 NYCRR] §§ 1500.5 [a] [1]; 1500.22 [n] [1]). Also relevant here, respondent attests to having taken steps to remedy any financial concerns presented in his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 24-25).
Finally, we conclude that respondent's reinstatement will be in the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; compare Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Respondent's application does not present any concern of possible detriment to the public that would result from his reinstatement, as he has no disciplinary record outside of this suspension and the misconduct that led to his suspension had no effect on any client. Further, respondent attests to having practiced law for several years in the intellectual property discipline, and his specialized knowledge and expertise in this field will provide a tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]). Based on the foregoing, we grant respondent's application for reinstatement.
Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.