Matter of Jing Tan (2018 NY Slip Op 05985)





Matter of Jing Tan


2018 NY Slip Op 05985


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018


[*1]In the Matter of JING TAN, a Suspended Attorney. 
(Attorney Registration No. 2967420)

Calendar Date: July 30, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Jing Tan, Gaithersburg, Maryland, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1999. She currently lists a Maryland business address with the Office of Court Administration.
Respondent, who is not licensed to practice law in Maryland, nonetheless maintains an immigration law practice in that state and relies on her New York law license to engage in said practice. Pursuant to a September 2016 order of the Court of Appeals of Maryland, respondent was suspended from the practice of law in that state for 60 days, based upon findings that she had violated eight provisions of the former Maryland Lawyers' Rules of Professional Conduct (Matter of Attorney Grievance Commission of Maryland v Tan, 450 Md 96, 146 A3d 459
[2016])[FN1]. Upon the ensuing motion by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) and respondent's default thereon, this Court thereafter suspended respondent from the practice of law for a period of 60 days due to the discipline imposed upon her in Maryland (149 AD3d 1344 [2017]).
Respondent now moves for her reinstatement [FN2]. In so doing, respondent submitted an [*2]application purporting to comply with Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (d) and appendix D, which set forth the reinstatement requirements for attorneys who have been suspended for less than six months. AGC opposes respondent's motion on the basis that, inasmuch as she has now been suspended for more than 16 months, respondent must comply with the reinstatement procedures applicable to a respondent who has been suspended for more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). In her reply to that submission,[FN3] respondent requests that this Court accept her reinstatement application as properly filed pursuant to the requirements set forth for respondents who have been suspended for less than six months and grant her requested relief.
Notably, as a general rule, a respondent seeking reinstatement from suspension or disbarment must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension/disbarment and the applicable rules of the Court, (2) that he or she possesses the requisite character and fitness for the practice of law, and (3) that his or her reinstatement "would be in the public interest" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see Matter of Sullivan, 153 AD3d 1484 [2017]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1479 [2018]). However, the procedural requirements applicable to a given respondent differ depending on the length of the particular separation from practice in New York. On the one hand, a respondent who "has been disbarred or suspended for more than six months" is required to provide, among other "necessary papers," both an affidavit consistent with the 38-paragraph form affidavit set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C, as well as proof that he or she has successfully passed the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year of applying for reinstatement (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Furthermore, a respondent who has been disbarred or suspended for more than six months may also be required to take the New York State bar examination and/or complete certain continuing legal education requirements (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), and he or she may also be referred to a subcommittee of the Character and Fitness Committee or to a referee for hearing and report (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [5]).
Conversely, "[a] respondent who has been suspended for a period of six months or less" need not successfully complete the MPRE (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), and the Court also has no discretion under this circumstance to impose the bar exam or a character and fitness hearing (compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a], with Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]; see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b]). Moreover, while a respondent "suspended for a fixed term of six months or less" must "otherwise satisf[y]" the aforementioned three-part test applicable to any other respondent seeking reinstatement, he or she is nonetheless afforded certain accommodations unavailable to respondents who have been disbarred or subject to lengthy suspension (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). First, the form affidavit applicable in this circumstance is the less comprehensive, 16-paragraph form set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix D (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). Further, those subject to short-term suspension have the luxury of being able to apply for reinstatement prior to the expiration of the suspension term, thereby affording them the opportunity to be fully reinstated [*3]upon expiration of the term (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [c] [2]).
These distinctions in reinstatement procedures reflect a considered policy determination that takes into account the individual attorney's time away from practice and the effect that such a separation may have upon the attorney's proficiency and familiarity with current legal and ethical principles. Thus, the Rules for Attorney Disciplinary Matters contemplate that an attorney seeking reinstatement from a long-term suspension should demonstrate verified familiarity with current ethical rules via passage of the MPRE. Moreover, by requiring additional information as part of the initial application for reinstatement, and by providing for the option of a character and fitness hearing or even the passage of the bar examination, these Rules ensure that the reviewing Courts will have all necessary information at their disposal in determining whether the requisite character and fitness has been established and whether the attorney's reinstatement would be in the public interest.
With those principles in mind, our review of respondent's sworn affidavits, application and exhibits indicates that her application is incomplete given the length of her suspension. While we deem respondent's untimely affidavit of compliance to be sufficient under the circumstances (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]), respondent has failed to supply copies of her income tax returns and evidence of any continuing legal education that she has taken to stay abreast of the law during her suspension. Moreover, respondent has failed to provide proof that she has successfully taken the MPRE (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). She has also failed to articulate any specific factors that demonstrate that her reinstatement would be in the public's interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1512 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Given these deficiencies, we deny respondent's motion (see e,g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Esser], 159 AD3d 1220 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
McCarthy, J.P., Egan Jr., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that respondent's application for reinstatement is denied.



Footnotes

Footnote 1: Respondent's application for reinstatement was thereafter granted by the Court of Appeals of Maryland (Matter of Tan, 451 Md 23, 150 A3d 869 [2016]).

Footnote 2: A prior application for reinstatement was withdrawn by respondent upon leave of this Court.

Footnote 3: Although respondent did not seek advance permission to submit a reply, we find it appropriate under the circumstances to accept the affidavit for our review.