Matter of Cammarano (2019 NY Slip Op 01296)





Matter of Cammarano


2019 NY Slip Op 01296


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019


[*1]In the Matter of PETER JAMES
 CAMMARANO III, a Disbarred Attorney. 
(Attorney Registration No. 4150769)



Calendar Date: January 8, 2018


Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Tesser, Ryan & Rochman, LLP, New York City (Lewis Tesser of counsel), for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2003. He lists a business address in Livingston, New Jersey with the Office of Court Administration. By June 2010 order, this Court struck respondent's name from the roll of attorneys based upon his April 2010 guilty plea in the United States District Court for the District of New Jersey to the crime of conspiracy to obstruct commerce by extortion under color of official right, which conviction had resulted in his disbarment by operation of law (74 AD3d 1699 [2010]; see 18 USC § 1951 [a])[FN1]. Respondent's conviction and disbarment arose from his criminal conduct during his campaign for the office of Mayor of Hoboken, New Jersey. Specifically, during his campaign, and briefly following his election, respondent accepted several payments from a government informant posing as a real estate developer in exchange for respondent's assurances that the informant would receive preferential treatment in his land development matters.
Respondent now moves for his reinstatement to the practice of law (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner does not oppose respondent's application. Pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (a) (5), we referred [*2]the application to the Committee on Character and Fitness for hearing and report. A Character and Fitness subcommittee has issued a report recommending that respondent's application be denied.
"As a general rule, a respondent seeking reinstatement from suspension or disbarment must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension/disbarment and the applicable rules of the Court, (2) that he or she possesses the requisite character and fitness for the practice of law, and (3) that his or her reinstatement 'would be in the public interest'" (Matter of Jing Tan, 164 AD3d 1515, 1516-1517 [2018], quoting Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In order to establish that his or her reinstatement is in the public interest, the respondent "must provide assurances that no detriment would inure to the public by reason of the attorney's return to practice, and that his or her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d 1484, 1484 [2017]).
During his testimony before the subcommittee, respondent discussed his activities during his term of incarceration and thereafter. He also spoke of his desire for redemption from his past misconduct, but failed to offer any tangible details regarding his intentions were he to be reinstated. To this point, respondent advised the subcommittee that he does not immediately plan to return to the practice of law and that he did not have a time frame in mind for doing so. Based on the foregoing, we find that respondent has not met his burden of establishing his entitlement to reinstatement at this time. Accordingly, we deny his application.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the application for reinstatement is denied.



Footnotes

Footnote 1: Respondent has also been permanently disbarred in New Jersey (Matter of Cammarano, 219 NJ 415, 98 A3d 1184 [2014]; see NJ Rules of Court, rule 1:20—15A [a] [1]).