Matter of Attorneys In Violation of Judiciary Law § 468-a. (Joon Woo Lee) (2019 NY Slip Op 04263)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Joon Woo Lee)


2019 NY Slip Op 04263


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; JOON WOO LEE, Respondent. (Attorney Registration No. 2915569)

Calendar Date: March 25, 2019

Before: Garry, P.J., Mulvey, Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Joon Woo Lee, Tukwila, Washington, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice in New York by this Court in 1989. He presently lists a business address in Seattle, Washington with the Office of Court Administration. By January 2014 order, this Court suspended respondent indefinitely for conduct prejudicial to the administration of justice arising from his failure to comply since the 2004-2005 biennial period with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1049 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He now moves for his reinstatement and, by April 2019 correspondence, petitioner advises that it defers to this Court's discretion on the application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).
In light of the length of his suspension, respondent has submitted a duly-sworn appendix C form affidavit provided in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Wortsman], 168 AD3d 1211, 1211 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Maurits], 169 AD3d 1153, 1153 [2019]). Office of Court Administration records demonstrate that respondent has cured his delinquency and is now current in his registration requirements. Further, respondent provides [*2]proof that he successfully completed the Multistate Professional Responsibility Examination in March 2018, satisfying the requirement of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b) (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Having reviewed respondent's affidavit and petitioner's correspondence in response, we are satisfied that he has complied with the order of suspension and the Rules of this Court.
As to his character and fitness, we note that respondent has expressed remorse for his misconduct and has cured his registration delinquency. Further, respondent has provided proof that he is in good standing and attests to his compliance with his continuing legal education requirements in his home jurisdiction (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowksi], 164 AD3d 1049, 1050 [2018]). We also note respondent's involvement in various forms of community service. Altogether, we find that respondent has met his burden to demonstrate the requisite character and fitness for reinstatement.
Finally, we find that respondent's application presents no significant threat of any detriment to the public that might result from his potential reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1513 [2017]; Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Further, we believe that respondent's commitment to pro bono services, along with his private practice in the immigration and business law disciplines will "benefit the public by expanding the availability of representation in a specialized area of law" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]). Accordingly, we grant respondent's motion and reinstate him to the practice of law.
Garry, P.J., Mulvey, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.