Matter of Attorneys In Violation of Judiciary Law § 468-a (Xi Yang) (2019 NY Slip Op 06147)





Matter of Attorneys In Violation of Judiciary Law § 468-a (Xi Yang)


2019 NY Slip Op 06147


Decided on August 15, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 15, 2019
[*1]
In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. XI YANG, Respondent. (Attorney Registration No. 5008694)

Calendar Date: July 22, 2019




Before: Garry, P.J., Lynch, Clark, Rumsey and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Xi Yang, Mill Creek, Washington, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2012 and currently practices with a firm in Seattle, Washington. She was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations from 2014 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1760 [2019]). She now applies for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it defers to this Court's discretion on the application, but raises concerns about the name that respondent has been practicing under in Washington. Respondent has submitted documents in an attempt to address the concerns of AGC.
"[A]s a general rule, a respondent seeking reinstatement from suspension or disbarment must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension/disbarment and the applicable rules of the Court, (2) that he or she possesses the requisite character and fitness for the practice of law, and (3) that his or her reinstatement 'would be in the public interest'" (Matter of Jing Tan, 164 AD3d 1515, 1516-1517 [2018], quoting Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). As is the case here, although every applicant for reinstatement must fulfill the foregoing requirements, those suspended for a term of six months or less are bound by significantly less-rigorous procedural requirements (see generally Matter of Jing Tan, 164 AD3d at 1517-1518).
Respondent's suspension has spanned less than six months, and she has appropriately completed the form provided in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix D (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b], [d]). Moreover, she has provided this Court and AGC with an affidavit of compliance, attesting to her [*2]compliance with the terms of her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]). Accordingly, we find that respondent's submission satisfies the first requirement for reinstatement and turn to the inquiry concerning her character and fitness.
AGC has pointed out that its investigation into whether respondent's reinstatement raised any concerns uncovered that she has been practicing in Washington under a different name than that which she provided when she was admitted in this state and under which she remains registered. We take this opportunity to remind the bar that an attorney's disciplinary history in this state is public information that should be readily accessible to those that might seek to retain the attorney's services (see Judiciary Law § 468 [2]). Further, by practicing under a different name than that which he or she was admitted, an attorney impedes the public's ability to report potential misconduct. It is for these reasons that practicing under a name that differs from the attorney's admitted name constitutes conduct prejudicial to the administration of justice and may warrant discipline in this state (see Matter of Greene, 34 AD2d 64, 65 [1970]; see generally Rules of the Chief Admin of Cts [22 NYCRR] §§ 118.1 [e], [f], [h]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).
However, we note that respondent has taken steps to rectify the misrepresentation on her firm's website, and it does not appear that her use of a name other than her admitted name was done with an intent to conceal her suspension in this state or avoid other discipline. Further, respondent attests that she has not been the subject of any disciplinary or criminal proceedings since the order of suspension, and no other concerns are apparent from the application on its face (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix D, ¶¶ 10, 14). We therefore do not find that respondent's actions foreclose her reinstatement, and ultimately conclude that she has met her burden and demonstrated by clear and convincing evidence that she possesses the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Higashi], 159 AD3d 1260, 1262 [2018]). Finally, we find no detriment to the public that would result from her reinstatement, and that her continuing practice with her current firm in Washington provides a benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Accordingly, we conclude that respondent's application should be granted.
Garry, P.J., Lynch, Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.