Matter of Attorneys in Violation of Judiciary Law § 468-a (Coxeter) (2019 NY Slip Op 09085)

Matter of Attorneys in Violation of Judiciary Law 468-a (Coxeter)

2019 NY Slip Op 09085

Decided on December 19, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2019

PM-236-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Susan J. Coxeter, Respondent. (Attorney Registration No. 1830082.)

Calendar Date: November 4, 2019

Before: Lynch, J.P., Clark, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Susan J. Coxeter, Delanson, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1980 and currently lists a business address in the Town of Duanesburg, Schenectady County with the Office of Court Administration. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations from 2014 onward (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1757 [2019]). Having rectified her registration delinquency, she now applies for reinstatement by motion made returnable November 4, 2019. However, the Lawyer's Fund for Client Protection has opposed respondent's application, citing a 1995 award of reimbursement to respondent's former client that respondent has failed to pay restitution on. Respondent has submitted papers contesting the claim of the Lawyer's Fund, and the Attorney Grievance Committee for the Third Judicial Department has submitted correspondence opposing respondent's application based, in part, on the existence of the claim for restitution espoused by the Lawyer's Fund.
In light of the length of her suspension, respondent has properly submitted a duly-sworn affidavit in the form provided in appendix D to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240. Coupled with the attestations in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]), we find that respondent has established by clear and convincing evidence that she has complied with the order of suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Zerdan], 173 AD3d 1602, 1603 [2019]).
Further, we find that her application demonstrates that respondent has the requisite character and fitness for reinstatement (Matter of Attorneys in Violation of Judiciary Law § 468-a [Rogers], 173 AD3d 1427, 1428 [2019]). Although the parties dispute the validity of the Lawyer's Fund's claim for restitution, we make no determination concerning that issue. Rather, in determining that she has met her burden on her current motion, we have considered the entirety of the facts and circumstances before us, including the considerable amount of time that has passed since the Lawyer's Fund issued its award and respondent's continued practice without incident during that time. Finally, we find that respondent has sufficiently demonstrated that her reinstatement is in the public interest (see Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Accordingly, we conclude that respondent's application should be granted.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.
Lynch, J.P., Clark, Aarons and Pritzker, JJ., concur.