Matter of Novel (2022 NY Slip Op 01227)





Matter of Novel


2022 NY Slip Op 01227


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

PM-37-22
[*1]In the Matter of Sur Gordon Novel, a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Sur Gordon Novel, Respondent. (Attorney Registration No. 4018339.)

Calendar Date:November 29, 2021

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Sur Gordon Novel, Bangkok, Thailand, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2002. He was later suspended from the practice of law for a period of six months by June 2013 order of this Court upon multiple sustained allegations of professional misconduct (107 AD3d 1377 [2013]). Specifically, following a hearing and report from a referee, this Court determined that respondent had, in the context of intra-family litigation, engaged in the unauthorized practice of law in Ohio, engaged in conflicts of interest, behaved in an undignified and discourteous manner before a tribunal and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.7 (a) (1), (2); 3.3 (f) (2); 5.5 (a) and 8.4 (c). Respondent unsuccessfully moved for his reinstatement in 2014 (121 AD3d 1496 [2014]) and now again moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner opposes the motion by affirmation of counsel and respondent has filed papers in reply.
Pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (a) (5), we referred respondent's application for reinstatement to a subcommittee of the Committees on Character and Fitness for hearing and report. A hearing took place in June 2021 and the subcommittee issued its full report in October 2021 recommending that respondent's motion be denied. Respondent has submitted his response to the report and, with no further submissions forthcoming, the matter is now ripe for final disposition.
Initially, we find that respondent has met his threshold burden of submitting an application in the appropriate form and providing proof that he has successfully completed the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, although respondent omitted certain required supporting documents in his initial submission, he has since properly supplemented his application with the necessary documents for our review. We therefore turn to the merits of his application.
It is well established that each and every "respondent seeking reinstatement from suspension . . . must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension . . . and the applicable rules of the Court, (2) that he or she possesses the requisite character and fitness for the practice of law, and (3) that his or her reinstatement 'would be in the public interest'" (Matter of Jing Tan, 164 AD3d 1515, 1516-1517 [2018], quoting Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). We are satisfied that respondent has demonstrated his compliance with the provisions of his order of suspension and this Court's rules regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
We note that the [*2]subcommittee's concerns over respondent's application are not without merit. However, we have considered that respondent's misconduct is now remote in time and, overall, he has lived a relatively blemish-free life since the time of his suspension, which now has spanned nearly nine years (see Matter of Krouner, 173 AD3d 1428, 1430 [2019]). To this end, respondent appears to be a productive citizen of his home jurisdiction overseas. Specific to the public interest in his reinstatement, we find that the public will receive a tangible benefit from respondent's intent to practice international law in his home jurisdiction (see generally Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1513 [2017]). We are further convinced that no detriment will result to the public based upon the remoteness of his offense and the support system that respondent has in place were he to engage New York clients in the future. However, we note that respondent has not attended any continuing legal education during his long absence from the practice of law, and his application offers no other indication that he has sufficiently maintained his legal acumen during that time. We therefore find that it is appropriate to condition respondent's reinstatement on the completion of an amount of continuing legal education commensurate with the length of his absence from the practice of law in order to ensure that no detriment inures to the public from his return to the practice of law. Accordingly, we grant respondent's motion for reinstatement with the conditions provided for in this order.
Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately; and it is further
ORDERED that respondent's reinstatement to the practice of law shall be conditioned upon his completion of 24 credit hours of accredited continuing legal education within one calendar year of the date of this order, of which eight credit hours shall be in the ethics and professionalism discipline, all in addition to the continuing legal education credits otherwise required of him (see Rules of App Div, All Depts [22 NYCRR] part 1500), and respondent shall provide proof of his compliance with this condition to petitioner.