Matter of Cammarano (2025 NY Slip Op 04521)

Matter of Cammarano

2025 NY Slip Op 04521

Decided on July 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 31, 2025

PM-169-25
[*1]In the Matter of Peter James Cammarano III, a Disbarred Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Peter James Cammarano III, Respondent. (Attorney Registration No. 4150769.)

Calendar Date:June 9, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Tesser, Ryan & Rochman, LLP, White Plains (Randall Tesser of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2003 and previously listed a business address in Livingston, New Jersey with the Office of Court Administration. By June 2010 order, we struck respondent's name from the roll of attorneys based upon his April 2010 guilty plea in federal court to the crime of conspiracy to obstruct commerce by extortion under color of official right, which conviction had resulted from his criminal conduct during his campaign for the office of Mayor of Hoboken, New Jersey. Specifically, during his campaign, and briefly following his election, respondent had accepted several payments from a government informant posing as a real estate developer in exchange for respondent's assurances that the informant would receive preferential treatment in his land-development matters (74 AD3d 1699 [3d Dept 2010]; see 18 USC § 1951 [a]). As a consequence of his conviction, respondent was sentenced to 24 months in prison, followed by two years of postrelease supervision.[FN1]
Respondent initially moved for his reinstatement in 2017 and, notwithstanding petitioner's lack of opposition to the motion, we referred the matter to a Character and Fitness subcommittee for hearing and report and thereafter denied the motion by February 2019 order (169 AD3d 1251 [3d Dept 2019]). Respondent now moves again for his reinstatement, and, while petitioner advised that it does not oppose respondent's latest motion, we nonetheless referred the matter to a hearing before a Character and Fitness subcommittee, which hearing was held in March 2025 (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [5]). In its May 2025 report, the subcommittee recommends that respondent be reinstated subject to certain conditions, and the parties have since been heard as to the subcommittee report.
All attorneys seeking reinstatement from disbarment must satisfy, by clear and convincing evidence, a three-part test in order to establish their entitlement to relief (see Matter of Matthews, 187 AD3d 1482, 1483 [3d Dept 2020]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]).[FN2] First, the attorney must demonstrate that he or she has complied with the order of disbarment and all of the applicable Court rules (see Matter of Canale, 162 AD3d 1455, 1456 [3d Dept 2018]). Second, the attorney must demonstrate that he or she possesses the requisite character and fitness to practice law (see Matter of Krouner, 173 AD3d 1428, 1429 [3d Dept 2019]). Third, the attorney must demonstrate that it would be in the public interest to reinstate him or her to the practice of law (see Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]).
As to respondent's compliance with our rules and the disbarment order, we note that this prong of the reinstatement test may generally be satisfied with proof that the respondent has not practiced law in New York during the term of his or her disbarment and has otherwise complied with the Court's rules regarding disbarred attorneys (see Matter [*2]of Kotsogiannis, 230 AD3d 1425, 1427 [3d Dept 2024]; see also Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15). Respondent's testimony and his reinstatement materials, as well as the subcommittee's report, indicate that, since his disbarment, he has resided in New Jersey, where he has also been gainfully employed in a nonlegal role. Accordingly, we conclude that respondent has satisfied this first prong of the applicable standard (see Matter of Kotsogiannis, 230 AD3d at 1426-1427).
In assessing whether an applicant for reinstatement has satisfied his or her burden concerning the second and third factors, we consider both the conduct that led to his or her disbarment and his or her conduct following the order of disbarment (see Matter of Matthews, 187 AD3d at 1484), and, as to the third prong, the applicant seeking reinstatement should likewise provide "assurances that no detriment would inure to the public by reason of [his or her] return to practice, and that his or her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d at 1484).
As to his character and fitness, respondent's testimony, and the subcommittee's report, revealed his genuine remorse for his conduct and, at points where he attempted to provide context for his misconduct — particularly his youth and the intensity of a political campaign — he does not seek to minimize his conduct, but rather acknowledged the gravity of it, particularly its impact on not only him, but also his family, his former constituents and the public at large. Respondent's testimony emphasized the importance of his family, religion, employment and community involvement following his conviction. In this vein, respondent detailed his efforts to assist recently convicted individuals with the logistical, personal, emotional and financial aspects of being incarcerated, and also engages in speaking events concerning employment opportunities for the formerly incarcerated. Respondent's testimony and reinstatement materials similarly demonstrated his involvement with the long-distance running community, wherein he runs various races; volunteers for running related nonprofit organizations; and assists in planning various races and charity events.
While respondent's character and fitness are certainly vital points of inquiry for our consideration, we acknowledge that the subcommittee's report largely focused on the third prong of the three-step reinstatement analysis, inasmuch as respondent's first application for reinstatement was denied on the basis that he "failed to offer any tangible details regarding his intentions were he to be reinstated" (169 AD3d at 1252). Upon review of the instant subcommittee's report and respondent's testimony, we conclude that respondent has now provided a more detailed description of his plans should he be reinstated and how the public would be served by his reinstatement, offering both short-term and long-term goals and plans. Respondent's testimony [*3]indicated that his reinstatement would allow him to continue assisting those preparing for incarceration, and he would be able to offer additional and more expansive assistance to these individuals. Similarly, respondent has provided evidence that, if reinstated, he has at least one law firm employment opportunity, which would allow him to utilize his nonlegal work experience in a legal capacity; thus, we grant respondent's motion for reinstatement.
Notwithstanding the public benefit that would result from respondent's reinstatement, in granting his motion, we feel that additional safeguards are necessary to ensure that no detriment will inure to the public as a consequence of his reinstatement (see e.g. Matter of Hogan, 220 AD3d 998, 1001 [3d Dept 2023]; Matter of Shmulsky, 219 AD3d 1045, 1047 [3d Dept 2023]). Accordingly, we impose certain conditions on his return to the practice of law as recommended by the subcommittee. First, we direct respond to file a biennial registration statement with the Office of Court Administration for the 2009-2010 biennial period on or before September 2, 2025, and provide petitioner and this Court with proof of his compliance with this condition. Second, respondent shall refrain from practice within the area of election law; shall not provide legal advice and/or other services to any election campaign; and shall maintain professional liability insurance so long as the conditions of this order remain in effect. Third, we condition respondent's reinstatement upon the requirement that he not engage in the solo practice of law, open his own law practice or become a partner in any law practice in the State of New York so long as the conditions of this order remain in effect. Inasmuch as the record reflects that respondent has at least one potential attorney expressing interest in employing him in a legal capacity, respondent shall propose to this Court within 30 days, in writing, on notice to petitioner, an attorney in good standing with no less than 10 years of practice in New York to serve as respondent's qualified mentor and with whom respondent may associate. Upon this Court's written approval of the qualified mentor, respondent shall ensure that such mentor submits quarterly reports to this Court and petitioner certifying respondent's compliance with these conditions commencing no later than December 1, 2025. Lastly, respondent may move to terminate the foregoing conditions after July 31, 2030.
Garry, P.J., Egan Jr., Clark, Lynch and McShan, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately; and it is further
ORDERED that respondent's reinstatement to the practice of law shall be subject to the conditions as set forth in this decision; and it is further
ORDERED that respondent may move this Court to terminate the foregoing conditions after July [*4]31, 2030.

Footnotes

Footnote 1: Respondent has also been permanently disbarred in New Jersey (see Matter of Cammarano, 219 NJ 415, 98 A3d 1184 [2014]) as a result of his criminal conduct. He likewise has been disbarred by various federal courts.

Footnote 2: We note that respondent has satisfied the requisite procedural obligations, as he has submitted a sworn affidavit in the form of Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C, along with proof that he successfully passed the Multistate Professional Responsibility Examination within the year prior to moving for reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]).