Matter of Clark (2023 NY Slip Op 01578)

Matter of Clark

2023 NY Slip Op 01578

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

PM-69-23
[*1]In the Matter of Charles Francis Clark, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Charles Francis Clark, Respondent. (Attorney Registration No. 2843753.)

Calendar Date:December 5, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Frankfurt Kurnit Klein & Selz PC, New York City (Tyler Maulsby of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1997 and resides in New Jersey, where he is also admitted and serves as a partner in his own firm, practicing in the areas of criminal defense and civil litigation. He was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1717 [3d Dept 2019]). Respondent cured his registration delinquency in May 2022 and now applies for reinstatement by motion made returnable December 5, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by December 2, 2022 correspondence, alleging that respondent has failed to establish his satisfaction of the continuing legal education (hereinafter CLE) requirements imposed by this Court's rules. Respondent has submitted supplemental papers in reply.
An attorney seeking reinstatement from suspension must satisfy certain procedural requirements and this Court recently amended its rules concerning attorneys seeking reinstatement following suspension for failing to maintain their attorney registration in this state (see generally Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [eff. Sep. 1, 2022]). Previously, an attorney seeking reinstatement for failing to meet his or her attorney registration obligations followed procedures dictated by the actual duration of the suspended attorney's suspension (see e.g. Matter of Jing Tan, 164 AD3d 1515, 1516 [3d Dept 2018]; see also Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C). Now, an attorney who has been suspended upon a finding of misconduct related solely to his or her failure to comply with the biennial registration requirements of Judiciary Law § 468-a may seek reinstatement via "an alternative expedited procedure" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [e]; see also Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c]) that includes a 16-paragraph form affidavit (see Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix D). Similarly, an attorney suspended solely due to his or her failure to comply with the biennial registration requirements is no longer required to pass the Multistate Professional Responsibility Exam as a prerequisite to reinstatement (compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). In lieu of this testing, however, an attorney who has been suspended solely due to failing to maintain his or her attorney registration requirements and who has been suspended for more than two years must satisfy certain CLE requirements prior to being reinstated, thereby ensuring that the attorney is current with recent developments in the law (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]). More specifically, the attorney must demonstrate [*2]that, within the two years preceding his or her application for reinstatement, he or she has completed six credit hours of CLE within the categories of "Skills" and/or "Law Practice Management" (Rules of App Div, All Depts [22 NYCRR] § 1500.2 [d], [e]), as long as such credits "relate to the practice of law in New York" (Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5] [i]); one credit within the "Ethics and Professionalism" category (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c]); and one credit within either the "Diversity, Inclusion and Elimination of Bias" category (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [g]) or the "Cybersecurity, Privacy and Data Protection" category (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [h]).
Here, while his initial submissions included some proof of his completion of the required CLE credits, respondent provided additional information regarding completed CLE credits in supplemental correspondence.[FN1] A review of these submissions indicate that respondent satisfied the credit requirements in the categories of Ethics and Professionalism, and Diversity, Inclusion and Elimination of Bias. Respondent's submissions further reveal that he received six credits in the category of "Skills" and that these credits "relate to the practice of law in New York" (Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5] [i]), inasmuch as they were earned through courses offered by a New York accredited CLE provider and such courses specifically provided respondent with New York CLE credits in the category of "Skills."
Turning to the substantive analysis of respondent's application for reinstatement, respondent, as an attorney seeking reinstatement from a disciplinary suspension, must satisfy, by clear and convincing evidence, a three-part test to establish his entitlement to reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Upon our review of all the facts and circumstances, we have determined that respondent has demonstrated, by clear and convincing evidence, that (1) he has complied with the order of suspension and the Rules of this Court, (2) he has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Matter of Nayak, 210 AD3d 1185, 1186-1187 [3d Dept 2022]). Accordingly, we grant respondent's motion for reinstatement.
Egan Jr., J.P., Lynch, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.

Footnotes

Footnote 1: An attorney seeking reinstatement following a suspension for failure to maintain his or her attorney registration requirements is required to establish "that within two years preceding such application" for reinstatement, he or she completed the requisite CLE credits (Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5] [emphasis added]). Although respondent presented evidence that he completed some of the required CLE credits while his motion for reinstatement was pending before this Court, as opposed to before filing his application for reinstatement, we exercise our discretion to accept these credits.