Matter of Attorneys in Violation of Judiciary Law § 468-a (Tabibzadegan) (2023 NY Slip Op 02053)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Tabibzadegan)

2023 NY Slip Op 02053

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

PM-86-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Shahram Tabibzadegan, Respondent. (Attorney Registration No. 2983674.)

Calendar Date:January 9, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Shahram Tabibzadegan, Galveston, Texas, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1999 and resides in Galveston, Texas, where he works as Deputy Court Clerk for the City of Galveston Municipal Courts. Respondent was suspended from practice by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2007 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1054 [3d Dept 2014]). He cured his registration delinquency in November 2022, has been current in his registration obligations since that time, and now applies for reinstatement, and for leave to thereafter resign for nondisciplinary reasons, by motion made returnable January 9, 2023. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's motion, noting that he failed to provide proof of his satisfaction of certain continuing legal education (hereinafter CLE) credits as required by this Court's rules.
" 'An attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, that he or she has complied with the order of suspension and this Court's rules, that he or she has the requisite character and fitness to practice law, and that reinstatement would be in the public's interest' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 211 AD3d 1307, 1308 [3d Dept 2022], quoting Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]). In addition to this substantive showing, attorneys seeking reinstatement from disciplinary suspension must also satisfy certain procedural requirements. As relevant here, respondents who have been suspended solely based upon their failure to comply with this state's statutory biennial registration requirements (see Judiciary Law § 468-a; see also Rules of Chief Admr of Cts [22 NYCRR] § 118.1) are permitted by this Court's rules to utilize an expedited procedure for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [e]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [2]). Effective September 1, 2022, this procedure permits respondents to submit a 16-question affidavit instead of the more detailed 36-question affidavit (compare Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, with Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix D). Furthermore, this abbreviated procedure also no longer requires successful completion of the Multistate Professional Responsibility Exam (hereinafter MPRE) (compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b], with Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). However, for those respondents "who have been suspended for an actual duration of more than two years," completion of a minimum of eight credit hours of certain continuing legal education (hereinafter CLE) credits is now required (see Rules of App Div, [*2]3d Dept [22 NYCRR] § 806.16 [c] [5]).
Here, inasmuch as respondent has been suspended for an actual duration of more than two years, he was obliged to demonstrate his completion of eight credit hours of specific CLE within the two years preceding his application for reinstatement. Nonetheless, under the circumstances presented, we deem it appropriate to excuse respondent's noncompliance with this Court's rules. As noted, while respondent did not include proof of any of the required CLE credits, he did provide proof of his satisfactory completion of the MPRE. Further, we note that respondent has requested that he be permitted to resign from the New York bar altogether once he is reinstated, thereby ameliorating his need to demonstrate his currency in New York law as a prerequisite to reinstatement (cf. Matter of Sklar, 186 AD3d 1773, 1775 [2020]). We therefore exercise our discretion to deem respondent's evidence of his successful passage of the MPRE, in lieu of the CLE credits, as demonstrative of his substantial compliance with this Court's rules (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lal], 211 AD3d 1319, 1319 n [3d Dept 2022]; see generally Matter of Clark, ___ AD3d ___, ___, 2023 NY Slip Op 01578, *2 [3d Dept 2023]). Therefore, having otherwise determined that respondent has established, by clear and convincing evidence, that (1) he has complied with the order of suspension and the rules of this Court, (2) he has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law, we grant his motion for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 211 AD3d at 1308). Further, having determined that respondent is eligible to resign for nondisciplinary reasons, we additionally grant that aspect of his application and accept his resignation.
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately; and it is further
ORDERED that respondent's application for leave to resign is simultaneously
granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another [*3]an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.