Matter of Attorneys in Violation of Judiciary Law § 468-a (Pretorius) (2023 NY Slip Op 03829)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Pretorius)

2023 NY Slip Op 03829

Decided on July 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 13, 2023

PM-140-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner, Willem Lodewikus Pretorius, Respondent. (Attorney Registration No. 4076105.)

Calendar Date:April 17, 2023

Before:Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2002 and resides in Dubai, where he is not admitted, but serves as in-house counsel for an investment company. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2013 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1748 [3d Dept 2019]; see Judiciary Law § 468-a; Rules of Chief Admr of Cts [22 NYCRR] § 118.1). He cured his registration delinquency in December 2019, has since remained compliant with his registration obligations and now applies for reinstatement by motion made returnable April 17, 2023. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the application by April 14, 2023 correspondence, wherein it opposes respondent's reinstatement.[FN1]
As a threshold matter, an attorney seeking reinstatement following a suspension solely related to a failure to maintain his or her attorney registration requirements, like respondent, must meet certain procedural requirements and submit other documentation in support of his or her application.[FN2] To that end, an attorney seeking reinstatement following a failure to comport with attorney registration requirements is no longer required to provide proof of his or her successful passage of the Multistate Professional Responsibility Exam (hereinafter MPRE) as a prerequisite to reinstatement (compare Matter of Clark, 214 AD3d 1250, 1251-1252 [3d Dept 2023], with Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]). However, in lieu of the MPRE requirement, the attorney seeking reinstatement following a suspension of more than two years in actual duration must now complete certain continuing legal education (hereinafter CLE) requirements (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]; see also Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c], [d], [e], [h]).
As AGC points out, respondent's submissions do not include proof that he has completed the required CLE credits within two years prior to the filing of his application. Respondent asserts that this CLE requirement does not apply to him, as he does not practice law in this state and is thus not required to complete New York CLE credits (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]). Respondent is mistaken. In promulgating this Court's CLE requirement, it was our intention to ensure that attorneys removed from the practice of law in this state for two years or more could demonstrate some familiarity with changes and updates in the law in New York prior to being reinstated (see Matter of Clark, 214 AD3d at 1251). The CLE requirement contained within Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5) is therefore a requirement separate and distinct from the CLE requirement attendant to an attorney's biennial [*2]registration. While respondent submitted proof of his successful passage of the MPRE within one year following his application for reinstatement, we do not find, under the facts presented, that this submission substantially complies with the Court's rules (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Tabibzadegan], 215 AD3d 1164, 1166 [3d Dept 2023]). Accordingly, since respondent has not submitted the documentation required as a threshold matter, his application must be denied on that basis (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]).
Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the motion for reinstatement by respondent is denied.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection does not object to respondent's reinstatement, instead deferring to our discretion.

Footnote 2: The Court's previous rules required an attorney seeking reinstatement following a suspension for failing to maintain his or her attorney registration obligations to follow procedures dictated by the actual duration of his or her suspension (see e.g. Matter of Jing Tan, 164 AD3d 1515, 1516 [3d Dept 2018]).