Matter of Attorneys in Violation of Judiciary Law § 468-a (Torre) (2023 NY Slip Op 04171)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Torre)

2023 NY Slip Op 04171

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

PM-159-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Joseph William Torre, Respondent. (Attorney Registration No. 5085113.)

Calendar Date:May 1, 2023

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Joseph William Torre, Cliffside Park, New Jersey, pro se.

Per Curiam.
Respondent was admitted to the practice of law by this Court in 2012. By May 2019 order of this Court, respondent was suspended for conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1756 [3d Dept 2019]). Having since cured that delinquency, respondent now moves for his reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's motion, alleging that his submitted continuing legal education credits do not meet the requirements of this Court's rules (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]).
" 'An attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, that he or she has complied with the order of suspension and this Court's rules, that he or she has the requisite character and fitness to practice law, and that reinstatement would be in the public's interest' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 211 AD3d 1307, 1308 [3d Dept 2022], quoting Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [3d Dept 2020]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In addition to this substantive showing, an applicant for reinstatement must also satisfy certain threshold procedural requirements. Where, as here, the attorney seeking reinstatement was suspended for misconduct which relates exclusively to the respondent's failure to comply with the biennial registration requirements of Judiciary Law § 468-a, this Court has established an expedited procedure (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [e]). In addition, there is no longer a requirement that such attorneys successfully pass the Multistate Professional Responsibility Exam as a prerequisite to reinstatement (compare Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]), and, instead, this Court's rules explicitly mandate the completion of certain continuing legal education accreditation as a prerequisite to reinstatement, but only for those respondents who have been actually suspended for a duration of greater than two years (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]; Matter of Clark, 214 AD3d 1250, 1251 [3d Dept 2023]). Specifically, the attorney must demonstrate that, within the two years preceding his or her application for reinstatement, he or she completed six credit hours of Skills and/or Law Practice Management, one credit hour of Ethics and Professionalism and either one credit hour of Diversity, Inclusion and Elimination of Bias or one credit hour of Cybersecurity, Privacy and [*2]Data Protection (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]).
While respondent's claimed exemption from this Court's CLE requirements is unavailing (see Matter of Attorneys in Violation of Judiciary Law § 468—a [Pretorius], ___ AD3d ___, ___, 2023 NY Slip Op 03829, *1 [3d Dept 2023]), we agree with respondent that the credits he has actually received in New Jersey meet the CLE requirements of this Court's rules. Respondent's reinstatement application was filed with this Court on March 27, 2023 and, in the two years preceding same, he completed 4.8 credit hours in the category of Ethics, 4.4 credit hours in the category of Diversity, Inclusion and Elimination of Bias, and 36.7 credit hours in the category of General credits for courses pertaining to topics such as cybersecurity, commercial real estate, employment law and mental health defenses. These courses generally apply to the practice of law in New York and thus, meet the requirement for his reinstatement. Further, we have determined that respondent has established, by clear and convincing evidence, his satisfaction of the aforementioned substantive test (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Clark, 214 AD3d at 1252; Matter of Attorneys in Violation of Judiciary Law § 468-a [Rainey], 216 AD3d 1249, 1250 [3d Dept 2023]). Accordingly, we grant respondent's motion.
Egan Jr., J.P., Clark, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.