Matter of Attorneys in Violation of Judiciary Law § 468-a (Skyers-Jenkins) (2023 NY Slip Op 04342)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Skyers-Jenkins)

2023 NY Slip Op 04342

Decided on August 17, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 17, 2023

PM-175-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Sharon Angela Skyers-Jenkins, Respondent. (Attorney Registration No. 5063482.)

Calendar Date:May 22, 2023

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Sharon Angela Skyers-Jenkins, New Haven, Connecticut, respondent pro se.

Per Curiam.
Respondent was admitted to the practice of law by this Court in 2012. By May 2019 order of this Court, respondent was suspended for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a beginning from the 2014-2015 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1753 [3d Dept 2019]). Respondent now moves, by motion returnable May 22, 2023, for her reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). By May 18, 2023 correspondence, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's motion, noting her failure to provide proof of her compliance with this Court's rules requiring completion of certain continuing legal education (hereinafter CLE) credits (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]).
" 'An attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, that he or she has complied with the order of suspension and this Court's rules, that he or she has the requisite character and fitness to practice law, and that reinstatement would be in the public's interest' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 211 AD3d 1307, 1308 [3d Dept 2022], quoting Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [3d Dept 2020]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In addition to this substantive showing, an applicant for reinstatement must also satisfy certain threshold procedural requirements. Where, as here, the attorney seeking reinstatement was suspended for misconduct which relates exclusively to the respondent's failure to comply with the biennial registration requirements of Judiciary Law § 468-a, this Court has established an expedited procedure (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [e]). To that end, there is no longer a requirement that the suspended attorney successfully pass the Multistate Professional Responsibility Exam as a prerequisite to reinstatement (compare Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]), and, instead, this Court's rules explicitly mandate the completion of certain CLE accreditation as a prerequisite to reinstatement, but only for those respondents who have been actually suspended for a duration of greater than two years (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]; Matter of Clark, 214 AD3d 1250, 1251 [3d Dept 2023]). Specifically, the attorney must demonstrate that, within the two years preceding his or her application for reinstatement, he or she has completed six credit hours of Skills and/or Law Practice Management, one credit hour of Ethics and Professionalism and either one credit [*2]hour of Diversity, Inclusion and Elimination of Bias or one credit hour of Cybersecurity, Privacy and Data Protection (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]).
We find that respondent failed to meet this threshold procedural showing. Respondent has attested that, since the 2019 order suspending her from practice, she has completed 36 credit hours of CLE; however, she has provided no proof to substantiate this attestation. Additionally, she has not provided proof that these 36 credit hours of CLE were in the requisite categories of Skills and/or Law Practice Management, Ethics and Professionalism and Diversity, Inclusion and Elimination of Bias or Cybersecurity, Privacy and Data Protection. Respondent has also provided no assurance that these CLE credits were completed within the two years preceding her application as required and merely asserts they were completed "[s]ince the entry of the order of discipline" in 2019 (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]). AGC has opposed respondent's motion on this basis, and respondent was further informed by Court correspondence dated May 1, 2023 that, although her motion papers indicate her compliance, "[she has] provided no proof of [her] satisfaction of the condition precedent set forth [in this Court's rules]" and advised her of her ability to supplement her motion papers to provide same. Respondent was also advised by this correspondence that her application "may be subject to dismissal on [this] basis."
Specifically, this Court's rule requires that respondents "establish" their successful completion of certain CLE within two years preceding the application for reinstatement. We find that respondent's mere assertion that she has completed the required courses is insufficient given that the burden is on respondent to make the requisite showing and, in particular, that the completed credit hours be in specific delineated categories and within a designated time frame. Inasmuch as respondent believed she had established completion of the CLE by the attestation in her motion papers, this Court's correspondence put her on notice that this was insufficient. As such, we find that respondent has failed to sufficiently establish her compliance with the prerequisites to reinstatement and her motion must be denied.
Aarons, J.P., Pritzker, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that respondent's motion is denied.