Matter of Attorneys in Violation of Judiciary Law § 468-a (Moore) (2023 NY Slip Op 05020)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Moore)

2023 NY Slip Op 05020

Decided on October 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023

PM-230-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Benecia Betton Moore, Respondent. (Attorney Registration No. 4244737.)

Calendar Date:July 24, 2023

Before:Egan Jr., J.P., Lynch, Ceresia, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Benecia Betton Moore, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2004 and resides in Little Rock, Arkansas, where she is a Supervisory Assistant United States Attorney. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2014 (172 AD3d 1706, 1742 [3d Dept 2019]). She cured her registration delinquency in April 2023 and now applies for reinstatement, and for leave to thereafter resign for nondisciplinary reasons. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the motion based on her failure to submit an affidavit of compliance as well as complete certain required continuing legal education (hereinafter CLE) credits.
An attorney seeking reinstatement from disciplinary suspension must satisfy, by clear and convincing evidence, a three-part test to establish his or her entitlement to reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, it must be demonstrated that the suspended attorney has complied with both the terms of the order of suspension and the rules of this Court (see; Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.15, 1240.16 [a]), and such compliance may be established by sworn attestations in the movant's supporting affidavit or by timely completion of an affidavit of compliance reflecting satisfaction of the rules applicable to suspended attorneys (see Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix B) and providing reassurances that the attorney has not practiced in New York while suspended. Further, an attorney seeking reinstatement must demonstrate that he or she possesses the requisite character and fitness for the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1050 [3d Dept 2018]). Finally, the attorney must demonstrate that his or her reinstatement is in the public's interest, a balancing test which takes into consideration both the possible detriment to the community and any tangible public benefit which might be occasioned by the attorney's reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]).
In addition to the aforementioned substantive showing, an applicant for reinstatement must also satisfy certain threshold procedural requirements. Where, as here, the attorney seeking reinstatement was suspended for misconduct which relates exclusively to the respondent's failure to comply with the biennial registration requirements of Judiciary Law § 468-a, this Court has established an expedited procedure (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [e]). Such suspended respondents may avail themselves of a cursory, 16-paragraph form affidavit in support of [*2]their applications (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [2]; see also Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix D; compare Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix C). In addition, for those in the position of respondent who has been suspended for an actual duration of greater than two years, there is no longer a requirement that the attorney successfully pass the Multistate Professional Responsibility Exam as a prerequisite to reinstatement (compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), and, instead, this Court's rules explicitly mandate the completion of certain CLE requirements as a prerequisite to reinstatement (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]; Matter of Clark, 214 AD3d 1250, 1251 [3d Dept 2023]). Specifically, the attorney must demonstrate that, within the two years preceding his or her application for reinstatement, he or she has completed six credit hours of Skills and/or Law Practice Management, one credit hour of Ethics and Professionalism and either one credit hour of Diversity, Inclusion and Elimination of Bias or one credit hour of Cybersecurity, Privacy and Data Protection (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]).
Here, although respondent has not filed an affidavit of compliance as required, she attests to her compliance with this Court's rules and suspension order in her affidavit in support of her application for reinstatement. Specifically, she affirms that she complied with the suspension order in all respects and has not engaged in the practice of law in New York, accepted new retainers or represented any legal clients nor solicited or procured any new legal business. Further, as respondent's application is absent of any concerns pertaining to her character and fitness to practice law or cause to believe her reinstatement would not be in the public interest, we find she has satisfied the substantive showing required for her reinstatement (see Matter of Andison, 211 AD3d 1307, 1308-1309 [3d Dept 2022]).
As to the procedural showing, respondent was obliged to demonstrate her completion of eight credit hours of specific CLE credits within the two years preceding her application for reinstatement (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]). However, in light of respondent's simultaneous application for nondisciplinary resignation and the CLE credits respondent has completed in Arkansas, we excuse this noncompliance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Torre], __ AD3d __, __, 2023 NY Slip Op 04171 at *2 [3d Dept 2023]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Tabibzadegan], 215 AD3d 1164, 1165-1166 [3d Dept 2023]). Respondent's reinstatement application was filed June 20, 2023 and, in the two years preceding same, she completed 54.25 credits hours in the category of "General Hours" for courses in topics including mediation, evidence[*3], discovery and family law as well as three credit hours in the category of "Ethics Hours."[FN1] We find that these courses "generally apply to the practice of law in New York and thus, meet the requirement for [her] reinstatement" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Torre], 2023 NY Slip Op 04171, *2). Accordingly, we grant respondent's motion for reinstatement and simultaneous application for nondisciplinary resignation.
Egan Jr., J.P., Lynch, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.
ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.

Footnotes

Footnote 1: While respondent attests that she has completed 84.75 credit hours since the entry of the order of discipline, the rules dictate that the required CLE courses be completed within the two years preceding the respondent's reinstatement application (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]).