Matter of Attorneys in Violation of Judiciary Law § 468-a (Wright) (2023 NY Slip Op 05651)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Wright)

2023 NY Slip Op 05651

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

PM-257-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Melvin Michael Wright Jr., Respondent. (Attorney Registration No. 4449963.)

Calendar Date:September 18, 2023

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Melvin Michael Wright Jr., Clark, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2006 and resides in New Jersey, where he has been admitted since 1993 and previously served as an in-house counsel to the New Jersey Turnpike Authority. Respondent recently joined a New Jersey law firm in an "of counsel" role. Respondent was suspended from practice in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2014 (172 AD3d 1706, 1759 [3d Dept 2019]). He cured his registration delinquency in August 2019, is presently current in his registration obligations and now applies for his reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the motion and respondent has supplemented his application by additional filing with this Court.
An attorney seeking reinstatement from disciplinary suspension must satisfy, by clear and convincing evidence, a three-part test to establish his or her entitlement to reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, it must be demonstrated that the suspended attorney has complied with both the terms of the order of suspension and the rules of this Court (see Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.15, 1240.16 [a]), and such compliance may be established by sworn attestations in the movant's supporting affidavit or by timely completion of an affidavit of compliance reflecting satisfaction of the rules applicable to suspended attorneys (see Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix B) and providing reassurances that the attorney has not practiced in New York while suspended. Further, an attorney seeking reinstatement must demonstrate that he or she possesses the requisite character and fitness for the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1050 [3d Dept 2018]). Finally, the attorney must demonstrate that his or her reinstatement is in the public interest, a balancing test which takes into consideration both the possible detriment to the community and any tangible public benefit which might be occasioned by the attorney's reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]).
In addition to the aforementioned substantive showing, an applicant for reinstatement must also satisfy certain threshold procedural requirements. Where, as here, the attorney seeking reinstatement was suspended for misconduct which relates exclusively to the respondent's failure to comply with the biennial registration requirements of Judiciary Law § 468-a, this Court has established an expedited procedure (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [e]). Such suspended attorneys may avail themselves [*2]of a cursory, 16-paragraph form affidavit in support of their applications (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [2]; see also Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix D). In addition, there is no longer a requirement that they successfully pass the Multistate Professional Responsibility Exam as a prerequisite to reinstatement (compare Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]), and, instead, this Court's rules explicitly mandate the completion of certain continuing legal education (hereinafter CLE) accreditation as a prerequisite to reinstatement, but only for those respondents who, like respondent herein, have been actually suspended for a duration of greater than two years (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]; Matter of Clark, 214 AD3d 1250, 1251 [3d Dept 2023]).
Turning first to the procedural prerequisites, respondent properly submitted a 16-paragraph form affidavit in support of his application (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [2]; see also Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix D). As to respondent's compliance with this Court's CLE requirements, we find that the documentation he has submitted is sufficient as the CLE accreditation he has completed "generally appl[ies] to the practice of law in New York and thus, meet[s] the requirement for his reinstatement" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Torre], 219 AD3d 1009, 1011 [3d Dept 2023]). Additionally, we further exercise our discretion to accept respondent's CLE accreditation, even though the coursework in question was completed slightly outside of the two-year window established by our rules (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Skyers-Jenkins], 219 AD3d 1067, 1069 [3d Dept 2023]).
Turning next to the substantive requirements and, having determined, by clear and convincing evidence, that (1) respondent has satisfied the requirements of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5), (2) respondent has complied with the order of suspension and the rules of this Court, (3) respondent has the requisite character and fitness to practice law, and (4) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we grant respondent's application for reinstatement.
Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.