Matter of Attorneys in Violation of Judiciary Law § 468-a (Orihara) (2024 NY Slip Op 02360)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Orihara)

2024 NY Slip Op 02360

Decided on May 2, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 2, 2024

PM-78-24
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Yasutaka Orihara, Respondent. (Attorney Registration No. 4613949.)

Calendar Date:April 8, 2024

Before:Pritzker, J.P., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Yasutaka Orihara, Tokyo, Japan, respondent pro se.

Per Curiam.
Respondent was admitted to the practice of law by this Court in 2008. By May 2019 order of this Court, respondent was suspended for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a beginning in the 2010-2011 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1745 [3d Dept 2019]). Respondent now moves, by motion returnable April 8, 2024, for her reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). By April 1, 2024 correspondence, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's motion, noting her failure to provide proof of her compliance with this Court's rules requiring completion of certain continuing legal education (hereinafter CLE) credits (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]) as well as her failure to submit an affidavit reflecting her compliance with this Court's rules. Respondent was permitted to be heard in reply to AGC's papers in opposition but did not elect to do so.
Any attorney seeking reinstatement from disciplinary suspension must satisfy, by clear and convincing evidence, a three-part test to establish his or her entitlement to reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, it must be demonstrated that the suspended attorney has complied with both the terms of the order of suspension and the rules of this Court (see Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.15, 1240.16 [a]), and such compliance may be established by sworn attestations in the movant's supporting affidavit or by timely completion of an affidavit of compliance reflecting satisfaction of the rules applicable to suspended attorneys (see Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix B) and providing reassurances that the attorney has not practiced in New York while suspended. Further, an attorney seeking reinstatement must demonstrate that he or she possesses the requisite character and fitness for the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1050 [3d Dept 2018]). Finally, the attorney must demonstrate that his or her reinstatement is in the public's interest, a balancing test which takes into consideration both the possible detriment to the community and any tangible public benefit which might be occasioned by the attorney's reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]).
In addition to the aforementioned substantive showing, an applicant for reinstatement must also satisfy certain threshold procedural requirements. Where, as here, the attorney seeking reinstatement was suspended [*2]for misconduct which relates exclusively to the respondent's failure to comply with the biennial registration requirements of Judiciary Law § 468-a, this Court has established an expedited procedure (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [e]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c]; compare Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix C). While this expedited procedure has obviated the need for certain respondents to successfully pass the Multistate Professional Responsibility Exam as a prerequisite to reinstatement (compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), this Court's rules explicitly mandate the completion of certain CLE accreditation as a prerequisite to reinstatement for those respondents, like respondent herein, who have been actually suspended for a duration of greater than two years (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]; Matter of Clark, 214 AD3d 1250, 1251 [3d Dept 2023]). Respondent has provided no proof of her satisfaction of this CLE prerequisite, despite being advised of AGC's opposition to her motion on this basis and notwithstanding the fact that she was provided with the opportunity to supplement her application accordingly. Therefore, " 'we cannot conclude that [she] has met [her] burden for reinstatement' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Sung Youl Kim], 224 AD3d 1080, 1082 [3d Dept 2024], quoting Matter of Attorneys in Violation of Judiciary Law § 468-a [Yamamoto], 176 AD3d 1310, 1311 [3d Dept 2019]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and deny her application.
ORDERED that respondent's motion for reinstatement is denied.
Pritzker, J.P., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.